UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS W. FALASH, an individual,<br><br>　　　Plaintiff,<br><br>vs.<br><br>INSPIRE ACADEMICS, INC., an Idaho non-profit corporation; CONNECTIONS EDUCATION, LLC, a Delaware corporation; CONNECTIONS ACADEMY OF IDAHO, LLC, an Idaho corporation; JILL HAMILTON, individually and as Director and President, Inspire Academics, Inc.; DIANA PLANE, individually and as Director, Inspire Academics, Inc.; MARCIA ROWE, individually and as Director, Inspire Academics, Inc.; GERALD CHOUINARD, individually and as Principal, Inspire Academics, Inc.; TONYA WESLEY, individually and as Senior Manager of Employee Relations, Connections Education, LLC;<br><br>　　　Defendants. | Case No.: 1:14-cv-00223-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND IMPROPER RESPONSES TO THE COMPLAINT**<br><br>**(Docket No. 29)** |

Now pending before the Court is Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Improper Responses to the Complaint ("Motion to Strike") (Docket No. 29). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. BACKGROUND

The full array of facts giving rise to the instant action do not require reciting for purposes of resolving the at-issue Motion. Suffice it to say, Plaintiff generally alleges that he was terminated in retaliation for his whistleblowing activities. In turn, Plaintiff brings seven claims against Defendants: (1) violation of Constitutional due process; (2) violation of Section 504 of

**MEMORANDUM DECISION AND ORDER - 1**

the Rehabilitation Act of 1973; (3) discrimination in violation of Title II of the Americans with Disabilities Act ("ADA"); (4) violation of Idaho Code § 6-2101 (Protection of Public Employees); (5) tortious interference with contract; (6) tortious interference with prospective economic advantage; and (7) discrimination in violation of Title I of the ADA.  Through their Answer, Defendants deny the allegations informing Plaintiff's claims against them, while also asserting twenty-seven "affirmative defenses."  Pursuant to FRCP 12(f), Plaintiff moves to strike various of the Answer's stated affirmative defenses and responses.

## II.  DISCUSSION

Under FRCP 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  However, motions under FRCP 12(f) are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).

Courts have broad discretion in deciding such motions.  *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993).  The motions are construed in the light most favorable to the non-moving party, and will be denied if the challenged defenses have "'any relation to the subject matter of the controversy, could be held to in any manner defeat the plaintiff's claim, or if it fairly presents any question of fact or law.'" *United States v. 45.43 Acres of Land Situate in Ada County, Idaho*, 2009 WL 1605127, *2 (D. Idaho 2009) (quoting *United States v. Articles of Food . . . Clover Club Potato Chips*, 67 F.R.D. 419, 421 (D. Idaho 1975)).  Still, "[a]n

**MEMORANDUM DECISION AND ORDER - 2**

affirmative defense may be stricken as insufficient if 'it is not recognized as a defense to the cause of action.'" *45.43 Acres*, 2009 WL 1605127 at *2 (quoting *Tonka Corp. v. Rose Art Indus.*, 836 F. Supp. 200, 217 (D. N.J. 1993)).

### A.    Overall Sufficiency of Defendants' Affirmative Defenses

To begin, Plaintiff claims that "Defendants merely provide labels for their affirmative defenses" and, "[w]ithout the most basic factual allegations to rely on, [he] has no means of assessing the affirmative defenses asserted against him and is instead left to speculate on Defendants' intended defenses." Mem. in Supp. of Mot. to Strike, p. 10 (Docket No. 29, Att. 1). As a result, Plaintiff argues that Defendants' affirmative defenses "should be stricken with instruction that Defendants re-plead only those defenses for which they can assert a sufficient factual basis." *Id*. at p. 11.

In making his argument, Plaintiff relies, in part, upon the heightened pleading standards found in *Iqbal* and *Twombly*.  *See id*. at pp. 7-11.  This issue was raised in a case recently considered by Chief U.S. Magistrate Judge Candy W. Dale, to which Judge Dale said:

> Although district courts are divided on whether *Twombly* and *Iqbal* apply to affirmative defenses, [Plaintiff's] argument based on these cases is unpersuasive. Notably, the Ninth Circuit has continued to apply the fair notice standard to affirmative defenses and *Iqbal* and *Twombly*.  In addition, the Court is mindful that plaintiffs have significantly more time to formulate a complaint than defendants have to draft an answer.  This asymmetry warrants "some latitude," considering that defendants risk waiving affirmative defenses not pled.
>
> Moreover, neither *Twombly* nor *Iqbal* address the pleading standard for affirmative defenses.  Both cases dealt with the sufficiency of complaints and both explicitly construed the pleading requirement contained in Rule 8(a)(2).  That Rule, unlike Rules 8(b) and (c), requires a "showing that the pleader is entitled to relief."  Indeed, the Rule 8(a)(2) "showing" requirement was the textual foundation for the Supreme Court's decision raising the pleading standard for civil complaints.  In contrast, Rules 8(b) and (c) merely require the responding pleader to "state" its defenses. [Plaintiff]

**MEMORANDUM DECISION AND ORDER - 3**

does not explain why the "showing" requirements should be read into rules from which it is absent, and the Court declines to do so.

*McBurney v. Lowe's Home Centers, LLC*, 2014 WL 2993087, *2-3 (D. Idaho. 2014) (internal citations omitted). The undersigned is satisfied that Judge Dale's reasoning in *McBurney* is apropos to the pending dispute. Plaintiff's Motion to Strike is denied in this respect.

**B.     Defenses vs. Affirmative Defenses[1]**

    1.     <u>"Affirmative Defenses" That Negate an Element of Plaintiff's Proof</u>

Plaintiff next takes aim at Defendants' Fourth, Eighth, Ninth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Twenty-Fourth, Twenty-Sixth, and Twenty-Seventh Affirmative Defenses, arguing that "[d]efenses that merely negate an element of Plaintiff's proof are not affirmative defenses because they merely controvert an element of Plaintiff's prima facie case." Mem. in Supp. of Mot. to Strike, p. 12 (Docket No. 29, Att. 1). To be clear, there is no purpose to be served for any judicial pruning here. Again, the undersigned agrees with Judge Dale's handling of such matters in *McBurney*:

> The Court also declines in this case to strike Defendants' allegedly redundant defenses. It is true that defenses that negate an element of, or assert a defect in, a plaintiff's prima facie case are negative, not affirmative defenses. But, at this stage in the litigation, striking negative defenses would do little more than tidy up the pleadings. [Plaintiff] would still have the burden of proving his prima facie case and Defendants would still be entitled to argue that he does not state a claim upon which relief can be granted. Given these practical realities, the Court is loath to micro-manage the pleadings merely to credit [Plaintiff's] technical points.

*McBurney*, 2014 WL 2993087 at *3 (internal citations omitted). Such reasons apply equally here. To be sure, the meat of these affirmative defenses appears to be the subject (at least in part) of Defendants' pending Motion for Summary Judgment (Docket No. 38). In that context,

---

[1] Defendants "agree with Plaintiff and will amend their Answer and drop the Sixth (pendant jurisdiction) and Fourteenth (Eleventh Amendment) Affirmative Defenses." Opp. to Mot. to Strike, p. 9 (Docket No. 30). Therefore, in these limited respects only, Plaintiff's Motion to Strike is granted.

**MEMORANDUM DECISION AND ORDER - 4**

both sides will have the opportunity to test these affirmative defenses and argue to this Court whether Plaintiff can, as a matter of law, recover on his claims against Defendants. Plaintiff's Motion to Strike is denied in this respect.

        2.        <u>Qualified Immunity: Affirmative Defense or Not?</u>

Plaintiff goes on to submit that, because Defendants must accept as true the allegations stated in his First Amended Complaint, Defendants Fifth Affirmative Defense (qualified and/or absolute immunity) "should be stricken since it cannot be asserted." Mem. in Supp. of Mot. to Strike, p. 14 (Docket No. 29, Att. 1). Even if this is true (this Memorandum Decision does not take a position on the issue[2]), striking the defense – affirmative or not – is unnecessary in a practical sense. Presumably, such details can be (or have thus far been) fleshed out through discovery and, if appropriate, scrutinized more fully in any forthcoming briefing. Until then, Plaintiff is on fair notice that such a defense may be argued at trial. Plaintiff's Motion to Strike is denied in this respect.

        3.        <u>Reserving the Right to Amend</u>

Following the twenty-seven affirmative defenses alleged in Defendants' Answer, Defendants reserve the right to request leave from the Court to supplement their Answer and add additional defenses as the case progresses. *See* Ans. to First Am. Compl., p. 19 (Docket No. 28).

---

    [2] Nonetheless, it would seem that Plaintiff's argument on this point is overstated. *See, e.g.*, *Hernandez v. County of Monterey*, 306 F.R.D. 279, 289 (N.D. Cal. 2015) ("Moreover, 'qualified immunity is an affirmative defense to damage liability; it does not bar actions for declaratory or injunctive relief.'") (quoting *American Fire, Theft & Collision Managers, Inc. v. Gillespie*, 932 F.2d 816, 818 (9th Cir. 1991)); *Vasquez-Brenes v. Las Vegas Metropolitan Police Dept.*, 51 F. Supp. 3d 999, 1006 (D. Nev. 2014) ("Where a plaintiff has stated a valid cause of action under 42 U.S.C. § 1983, government officials sued in their individual capacities may raise the affirmative defense of qualified immunity.") (citing *Spoklie v. Montana*, 411 F.3d 1051, 1060 (9th Cir. 2005)); *Roe v. City of San Diego*, 289 F.R.D. 604, 609-10 (S.D. Cal. 2013) (striking affirmative defenses relating to qualified immunity was unwarranted in plaintiff's § 1983 action; those defenses put plaintiff on notice that defendants' conduct fell under protection of qualified immunity).

**MEMORANDUM DECISION AND ORDER - 5**

Plaintiff argues that "[t]he reservation of right to amend is unnecessary since [FRCP 15] already allows for such a motion." Mem. in Supp. of Mot. to Strike, p. 14 (Docket No. 29, Att. 1). To the extent Plaintiff is seeking to somehow strike this paragraph from Defendants' Answer (it is not even asserted as either a defense or affirmative defense), the argument is rejected. There is just no point in striking such material; it simply operates to put Plaintiff's counsel on notice of what Defendants' counsel considers to be the potential defenses known at that time. While not required to be included, such as statement is not unusual and, more importantly, not remotely burdensome to Plaintiff toward preparing his case moving forward. At most, it reiterates FRCP 15's charge; nothing more, nothing less. Plaintiff's Motion to Strike is denied in this respect.

4.    Failure to State a Claim

Plaintiff's issue with Defendants' assertion (via their First Affirmative Defense) that Plaintiff's [First Amended] Complaint fails to state a claim upon which relief can be granted, likewise misses the point. It is true, as Plaintiff contends, that this defense contains "bare allegations" and "identify no facts." Mem. in Supp. of Mot. to Strike, p. 15 (Docket No. 29, Att. 1). However, they put Plaintiff on notice that Defendants generally believe that Plaintiff's claims are unsupported. Under FRCP 8(b) and 8(c), the responding party must "state" defenses to the claims asserted against it; here, Defendants did just that by properly presenting a defense outlined within FRCP 12(b)(6). The fact that it is a catch-all type statement does not make it inappropriate; rather, it is consistent with a the generalized "cover-the-waterfront" statement commonplace to a defendant's answer regarding whether or not a complaint has stated a claim for relief. In essence, the statement makes clear that the defendant is putting everything contained in the complaint at issue. Nothing changes as to testing defenses during discovery or, ultimately, in future motion practice. Until then, it simply reiterates Defendants' position as to Plaintiff's claims. The fact that this defense may not be a classic affirmative defense does not

**MEMORANDUM DECISION AND ORDER - 6**

mean that it should be stricken, nor does its inclusion prejudice Plaintiff in his ability to prosecute his lawsuit. Plaintiff's Motion to Strike is denied in this respect.

     5.    Redundant Affirmative Defenses

Plaintiffs believe that Defendants' Tenth, Fifteenth, Sixteenth, Twenty-Fifth, and Twenty-Sixth Affirmative Defenses *also* allege that Plaintiff has failed to state a claim and, therefore, are not separate affirmative defenses and should be stricken. *See id*. at pp. 15-16. For the reasons articulated earlier in this Memorandum Decision and Order (those dealing with negating an element of Plaintiff's proof and failure to state a claim), any argument that redundant affirmative defenses should be stricken – even if true – is misplaced. Simply put, doing so is unnecessary. Plaintiff's Motion to Strike is denied in this respect.

**C.**    **Affirmative Defenses Inapplicable as a Matter of Law**

Plaintiff also seeks to strike Defendants' Third Affirmative Defense (Idaho Tort Claim Act), arguing that it is "inapplicable as a matter of law" because "[t]he federal claims preempt any immunities arising from the state tort act." *Id*. at 16. However, Plaintiff makes a claim under Idaho law. *See supra*. Further, within their pending Motion for Summary Judgment, Defendants argue that "Ms. Wesley is immune from liability under the operation of Idaho Code § 6-904(3)." Mem. in Supp. of MSJ, p. 17 (Docket No. 38, Att. 1). Accordingly, the applicability of Defendants' Third Affirmative Defense will be considered in conjunction with any dispositive motions. Plaintiff's Motion to Strike is denied in this respect.

**D.**    **Equitable Defenses**

Though not identifying them specifically, Plaintiff argues that Defendants "insufficiently plead the equitable defenses." Mem. in Supp. of Mot. to Strike, pp. 16-17 (Docket No. 29, Att.

**MEMORANDUM DECISION AND ORDER - 7**

1).  The Court notes that, in their Eighteenth Affirmative Defense, Defendants states that, "[t]o the extent Plaintiff's claims sound in equity, Plaintiff's claims are barred by the doctrine of unclean hands."  Ans. to First Am. Compl., ¶ 137 (Docket No. 28).  Without stating here that such a defense must be plead with particularity to begin with, the undersigned will nonetheless not strike it here.  *Compare H.D. Smith Wholesale Drug Co. v. Crawford*, 2012 WL 2503100, *2 (C.D. Ill. 2012) ("Crawford, however, is not required to plead his defense of unclean hands with particularity.  Rule 9(b) only requires fraud and mistake to be plead with particularity, not equitable defenses such as unclean hands."), *with Reis Robotics USA, Inc. v. Concept Indust.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006) (providing that equitable defenses must be plead with particularity).  Such a defense may or may not apply, depending on how discovery unfolds.  Regardless, Plaintiff is on notice and can test its merit during discovery.  Striking the defense at this juncture does nothing to actually streamline the case.  Plaintiff's Motion to Strike is denied in this respect.

**E.**     **Plaintiff's Objections to "Legal Conclusion" Responses Within Defendants' Answer**

In multiple instances, Defendants' Answer states that allegations within Plaintiff's First Amended Complaint contain legal conclusions and, to the extent a response is required as a result, they are denied.  *See, e.g.*, Ans. to First Am. Compl., ¶¶ 1-6, 9, 17, 19-23, 26-27, 61, 67-69, 72-74, 96-97, & 110 (Docket No. 28).  Plaintiff argues that FRCP 8 "contains no such exception for responding to an allegation in a complaint" and that "[r]equiring Defendants to admit or deny these legal conclusions would streamline this case by allowing Plaintiff to know whether Defendants agree with the legal assertions, but disagree with some of Plaintiff's facts, or whether Defendants disagree as to both the factual allegations and the law."  Mem. in Supp. of

**MEMORANDUM DECISION AND ORDER - 8**

Mot. to Strike, p. 18 (Docket No. 29, Att. 1). Plaintiff therefore asks the Court to order Defendants to revise/clarify these particular responses.

Here, Defendants did not simply respond to Plaintiff's allegations by stating matter-of-factly that they contain legal conclusions; instead, they responded to certain factual material the best they could and then, as to what they considered legal conclusions, denied them. Such responses are permitted, and the Court again agrees with Judge Dale's discussion of the Rule 8(b) issues raised by this discrete issue, as described in *McBurney*:

> Rule 8(b) authorizes three responses to an allegation in a complaint: (1) an admission, (2) a denial, or (3) a statement of absence of knowledge or information sufficient to form a belief about the truth of an allegation. Simply averring that a plaintiff's allegations "state a legal conclusion to which the defendant is not required to respond" would be insufficient under this Rule. But Defendants went further and denied the allegations to the extent necessary. This is enough to satisfy Rule 8(b). If [Plaintiff] wishes to "pin down" Defendants on their denials, he may do so through the discovery process, either through requests for admissions or depositions. There, [Plaintiff's] motion is denied with respect to Defendants' qualified denials.

*McBurney*, 2014 WL 2993087 at *4 (internal citations omitted). As Defendants suggest in their briefing, Plaintiff is advised to simply consider those portions of the First Amended Complaint as denied. *See* Opp. to Mot. to Strike, p. 13 (Docket No. 30) ("The Defendants will amend their answer to respond to the legal conclusions stated in the Plaintiff's complaint. The Defendants anticipate denying each of the legal conclusions set forth by the Plaintiff. Despite the Plaintiff's claims that this process 'will streamline this case' this motion appears to accomplish just the opposite, taking up more time."). Plaintiff's Motion to Strike is denied in this respect.

### III.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Improper Responses to the Complaint (Docket No. 29) is GRANTED, in part, and DENIED, in part, as follows:  Defendants' Sixth and Fourteenth

**MEMORANDUM DECISION AND ORDER - 9**

Affirmative Defenses are stricken. In these limited respects only, Plaintiff's Motion to Strike is granted. All of Defendants' other Affirmative Defenses remain intact; in these respects, Plaintiff's Motion to Strike is denied.



DATED: **August 6, 2015**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 10**